IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LISA FIELDS,

    Plaintiff

VS.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

    Defendant

NO. 5:06-CV-199 (CAR)

**SOCIAL SECURITY APPEAL**

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). This case has been referred to the undersigned, a full time United States Magistrate Judge, for consideration pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72.

### HISTORY

Plaintiff LISA FIELDS applied for disability benefits and Supplemental Security Income, alleging disability commencing on December 19, 2001. Her application was denied initially and upon reconsideration. She applied for a hearing by an administrative law judge ("ALJ") who issued an unfavorable decision. Plaintiff appealed the ALJ's finding to the Appeals Council which denied her request for review. She alleges disability due to the combination of a number of disorders, including food disorders, foot arthritis, and obesity.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[2] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision**. *Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[2]Credibility determinations are left to the Commissioner and not to the courts. **Carnes v. Sullivan**, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. **Wheeler v. Heckler**, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also* **Graham v. Bowen**, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

Plaintiff Fields contends that the ALJ failed to consider her obesity in making his decision. Her argument is convincing; it is clearly documented that the plaintiff's weight and height classify her as obese.[3] The Commissioner recognizes that obesity can be a limiting factor in determining an individual's residual functional capacity ("RFC") and requires that when an claimant is obese, the claimant's RFC reflect the plaintiff's obesity and any other limitations resulting from the obesity. SSR 02-1P.[4]

In order to present an accurate hypothetical to a vocational expert ("VE"), an ALJ must include all of the claimant's impairments. **Wilson v. Barnhart**, 284 F.3d 1219 (11th Cir. 2002). In the instant case, the ALJ did not even mention the plaintiff's obesity in providing the plaintiff's RFC to the VE, nor did he mention the plaintiff's obesity in his decision. Accordingly, the ALJ's decision is not based on substantial evidence

Plaintiff also avers that the "ALJ's decision does not make clear whether he found Plaintiff credible or not credible." However, in the ALJ's FINDINGS section, he states that he "finds the claimant's allegations regarding her limitations are not totally credible." Tr. 21. Questions of credibility are left to the Commissioner (*see **Carnes,** footnote 2 supra*), and the ALJ's finding is sufficient..

Finally, plaintiff Fields' claims that the ALJ failed to consider plaintiff's treatment regimen for her impairments is convincing. The evidence shows that plaintiff had nearly one hundred appointments relating to her physical limitations in a single year which is part of the alleged disability period. SSR 96-8p requires that ALJs consider the frequency of treatment and the resulting disruption of a normal schedule such treatment creates. The ALJ failed to do so in this case.

---

[3]Plaintiff is between 66½ and 67 inches tall and her weight has fluctuated between 239 and 255 pounds. The Commissioner will use her judgment to establish the presence of obesity even if a medical source has not indicated a diagnosis of obesity. SSR 02-1(4)

[4]The Commissioner "will also consider the effects of any symptoms (such as pain or fatigue) [resulting from obesity] that could limit functioning." SSR 02-1P(6).

"[W]e will do an individualized assessment of the impact of obesity on an individual's functioning when deciding whether the impairment is severe." Id.

## CONCLUSION

For the reasons stated above, IT IS RECOMMENDED that this case be **REMANDED** for findings consistent with this Recommendation. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 29th day of AUGUST, 2007.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE